**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LARRY MASON**, | ) | CIVIL ACTION NO. **03-712** |
| Petitioner, | ) | |
| v. | ) | |
| **KENNETH D. KYLER, et al.**, | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D. On July 31, 2026, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 30), which recommended that the pro se motion for relief from judgment pursuant to Rule 60(b)(6) (ECF No. 28) filed by petitioner Larry Mason ("Mason") be denied for lack of jurisdiction as a second or successive habeas corpus petition. The magistrate judge granted Mason an extension of time to file objections, which he did (ECF No. 33). The matter is ripe for disposition.

Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or

recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see McClain v. Pa. Dept. of Corr.*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Discussion

The court will adopt the R&R of the magistrate judge. This matter has a lengthy procedural history, which is thoroughly recounted in the R&R. To summarize, Mason was convicted of first-degree murder in the Pennsylvania state courts and was sentenced to life imprisonment in 1994. He filed this federal habeas case in 2003 pursuant to 28 U.S.C. § 2254. Among other arguments, Mason contended that he was entitled to a new trial because: (1) one of the witnesses, Shaina Ballard ("Ballard") executed an affidavit in 2000, asserting that she was threatened prior to trial[1]; (2) the prosecution committed a *Brady* violation by failing to disclose that Ballard was threatened before the state court trial; and (3) his state court post-conviction

1 Ballard executed a second affidavit in 2003, recanting her testimony that Mason was the shooter.

counsel was ineffective for failing to properly present those claims. Mason essentially reiterates these arguments in the pending motion.

On October 11, 2005, the United States Court of Appeals for the Third Circuit issued an opinion in this case. *Mason v. Kyler*, 156 F. App'x 452 (3d Cir. 2005) (affirming the denial of Mason's § 2254 petition). The Third Circuit Court of Appeals discussed Mason's arguments based upon Ballard's 2000 and 2003 affidavits and rejected his *Brady* argument under the appropriate standard of review. The court observed: "Ballard was not the only witness who identified Mason, and in light of the totality of the evidence, we cannot say that the Superior Court majority's conclusion was unreasonable." *Id.* at 457. In 2015 and 2020, the Third Circuit Court of Appeals rejected Mason's attempts to file a second or successive habeas petition premised on Ballard's 2003 affidavit, *Brady* and ineffective assistance of counsel. *See* R&R (ECF No. 30 at 4-6). This court, of course, is bound by the decisions of the Third Circuit Court of Appeals.

The magistrate judge thoroughly explained the standards for determining whether the pending Rule 60 motion is, in reality, an attempt to evade the statutory limitations on second or successive habeas petitions. The magistrate judge correctly concluded that in the pending motion, Mason is attempting to relitigate habeas claims that have (or could have) already been decided. The magistrate judge explained that because Mason did not receive prior authorization from the Third Circuit Court of Appeals, this court lacks jurisdiction to consider his motion. The magistrate judge recommended that a certificate of appealability should not issue because jurists of reason would not find this decision to be debatable. The court will adopt the magistrate judge's analysis and recommendation.

Conclusion

For the reasons set forth above, the court will adopt the R&R (ECF No. 30) as the opinion of the court, as supplemented herein. The Rule 60 motion (ECF No. 28) will be dismissed for lack of jurisdiction. A certificate of appealability will not issue.

An appropriate order follows.

Dated: September 1, 2026

BY THE COURT

***/s/ Joy Flowers Conti***
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE